**UNITED STATES of America,**
**Plaintiff,**

v.

**ST. REGIS PAPER CO., Defendant.**

United States District Court
S. D. New York.
Oct. 14, 1959.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, William F. Suglia, Asst. U. S. Atty., New York City, of counsel, for plaintiff.

Le Boeuf, Lamb & Leiby, New York City, for defendant.

SUGARMAN, District Judge.

The United States of America commenced an action against St. Regis Paper Company upon the request of the Federal Trade Commission under 15 U.S.C.A. § 49 and 15 U.S.C.A. § 50:

"(1) for the enforcement against defendant of the several orders of

the Commission described herein, and attached as exhibits hereto, which orders require defendant and certain other corporations to file special reports with the Commission, and (2) for the recovery of forfeitures because of defendant's failure to comply with the two orders requiring it to file special reports."

The complaint was filed on September 15, 1959.

Before answer, the defendant now moves for an order

"striking from the complaint herein all of the paragraphs of the complaint under the heading 'Count Two' and designated numbers '12' to '17', inclusive, and the paragraph of the demand for relief designated '2' in their entirety, on the ground that in said portions of the complaint the plaintiff is claiming the right to enforce, during the pendency of this action, the provisions of the third (un-numbered) paragraph of Section 10 of the Federal Trade Commission Act (15 U.S.C.A. § 50) against this defendant to recover money forfeitures at the rate of $200 per day for alleged defaults in complying with the Commission's orders requiring defendant to file special reports with the Commission, for which a mandatory injunction is demanded herein against this defendant in the First Count of the complaint, which provisions, as applied by plaintiff, constitute a deprivation of defendant's property without due process, contrary to the Fifth Amendment of the Constitution of the United States * * *."

Motions to strike are authorized by F.R.Civ.P. 12(f), 28 U.S.C.A. That rule reads:

"f. Motion to Strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

■ Plaintiff's 12–17 are not redundant, immaterial, impertinent or scandalous. The motion as one to strike Count Two is denied.

Movant seems to seek, at this early stage, an adjudication of "Count Two" of the complaint, on the merits.

■ Such a motion might properly be presented by a motion to dismiss for "failure to state a claim upon which relief can be granted" [1] which, when supported by matters outside the pleading may be treated as one for summary judgment.

■ Deeming the instant motion to be such as above described, and considering all the matters presented, it is denied.

Defendant's position is stated in its brief to be:

"The property of which the defendant claims it will be deprived without due process is not the amount of the forfeitures * * *.

"The property * * * is the extensive amount of items of business information which relates to matters which are plainly confidential, such as reports to the Census of Manufactures, names and addresses of large customers, suppliers and similar kinds of information and business secrets, all of which are of great value to defendant and other corporations whose stocks or assets have been acquired by this defendant, and the disclosure of which could be harmful to defendant and the relations with its customers and suppliers, adversely affect its sales

1. F.R.Civ.P. 12(b) (6).

and generally reduce its business. In the circumstances, the constitutional principle * * * is applicable."

This can only mean that the motion, when deemed one for summary judgment on Count Two, should be granted because defendant will prevail ultimately on Count One. But defendant must await a trial of the fact issues raised by Count One. It must also await a trial on the merits of Count Two.

For, if defendant is correct in its contention that it will prevail on Count One, then Count Two will fall with Count One. If plaintiff recovers the judgment it seeks in Count One, it will be entitled to the penalties sought in Count Two.

It is so ordered. No further order is necessary.